IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| POSITRONIC INDUSTRIES, INC. et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 12-3243-CV-S-RED |
| | ) | |
| CITY OF SPRINGFIELD, MISSOURI et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING PRELIMINARY INJUNCTION

On this 10th day of May, 2012, came on for hearing Plaintiffs' Motion for Temporary Restraining Order, Preliminary and Permanent Injunction (Doc. 3). The Court, having heard the arguments of counsel and agreement of Defendants to entry of this injunction and having reviewed the pleadings, enters this order granting a preliminary injunction as detailed below and in support thereof, as mandated by Rule 65(d), states the following reasons for the issuance of this order:

1. The question is whether the balance of equities so favors the Plaintiffs that justice requires this Court to intervene to preserve the status quo until the merits are determined, and the equitable nature of the proceeding mandate that the Court's approach be flexible enough to encompass the particular circumstances of this case. *Database Systems, Inc. v. CL Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981).

2. In balancing the equities, no single factor is determinative of propriety of preliminary injunctive relief; the likelihood that Plaintiffs ultimately will prevail is meaningless in isolation and in every case it must be examined in the context of the relative injuries to the parties and public. *Id.*

3. Plaintiffs have shown the threat of irreparable harm should the preliminary injunction to be granted in that they could be subjected, or others in the City subjected, to a multiplicity of proceedings caused by what could be an unconstitutional and/or invalid Ordinance.

4. There is no harm to the Defendants that has been shown by any evidence, or any argument for that matter, that will occur due to the granting of this injunctive relief.

5. Without final determination, it does appear to the Court that the Plaintiffs will probably succeed on the merits based solely upon the Ordinance's enforcement by the finance department rather than the municipal court which, as a matter of law, may deny Plaintiffs their constitutional due process rights and property rights.

6. The issuance of the preliminary injunction is in the public interest in that none of the Defendants desire to incur the cost and expense of enforcing an Ordinance that may be found to be unconstitutional and/or invalid on other grounds. The denial of the preliminary injunction could result in the enforcement of an Ordinance that ultimately violates the civil rights of many of "Business Entities" as defined by the Ordinance subjecting the city to the costs and expenses of not only defending those actions but the potential exposure and liability for paying all of those litigants' attorneys' fees pursuant to 42 U.S.C.A. § 1988.

IT IS THEREFORE ORDERED that the Defendants City of Springfield, Missouri, by and through its duly elected officials solely in their capacities as such, Bob Stephens, Mayor, Greg Burris, City Manager, Jeff Siefried, Zone 1 Councilman, Cindy Rushefsky, Zone 2 Councilwoman, Jerry Compton, Zone 3 Councilman, Scott Bailes, Zone 4 Councilman, John Rush, General B Councilman, Doug Burlison, General C Councilman, Thomas Bieker, General

D Councilman, are hereby restrained and enjoined from enforcing General Ordinance No. 5988 until further order of this Court.

**IT IS SO ORDERED**.

DATED: May 10, 2012

_/s/ Richard E. Dorr_
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT

3